UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RENE GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-10-77 |
| | § | |
| GENE'S MACHINE, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Plaintiff Rene Garcia's ("Plaintiff") Rule 4 Motion for Attorneys Fees, filed March 16, 2011 (Dkt. No. 16). Plaintiff's motion is ripe for ruling and deemed unopposed because the submission date has passed and Defendant Gene's Machine, Inc. ("Defendant") has not filed a response.[1] Having considered the motion, record, and applicable law, the Court is of the opinion that Plaintiff's motion should be **GRANTED** in part and **DENIED** in part.

**I. Background**

Plaintiff filed this action on September 29, 2010. On December 3, 2010, Plaintiff's counsel sent Defendant, via certified mail, notice of the commencement of the action and a request to waive service and requested that Defendant respond within 30 days. (Dkt. No. 16, Ex. A.) After Defendant failed to respond, Plaintiff employed a private process server, who served Defendant's registered agent on February 7, 2011. (*Id.*, Ex. C.) On March 3, 2011, Plaintiff's counsel conferred with Defendant's counsel regarding the costs Plaintiff incurred after

---

1. *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 21 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition). The deadline for Defendant's response was April 6, 2011. To date, Defendant has not responded to Plaintiff's motion.

1

Defendant failed to waive formal service. According to Plaintiff, Defendant's counsel stated that his client would not pay said costs. Plaintiff now moves the Court for private service costs of $60.00 and attorneys' fees in the amount of $790.00 incurred as a result of Defendant's failure to waive formal service of process.

**II. Legal Standard**

Rule 4 of the Federal Rules of Civil Procedure sets forth a mechanism by which the plaintiff may serve a waiver of formal service upon the defendant. If the defendant fails to comply with a request for a waiver and is subsequently served, then the Rule 4 specifically provides as follows:

> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effectuating service on the defendant unless good cause for the failure be shown.

FED. R. CIV. P. 4(d)(2). Section 4(d)(5) further provides:

> The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

FED. R. CIV. P. 4(d)(5).[2]

According to the Rule's legislative history, "The purpose of this provision is to encourage the prompt return of the form so that the action can move forward without unnecessary delay," and "[f]airness requires that a person who causes another additional and unnecessary expense in effecting service ought to reimburse the party who was forced to bear the additional expense."

---

2. Sections (e), (f), and (h) describe, respectively, the manner in which service may be effected upon: (1) individual defendants within a judicial district of the United States; (2) individual defendants in a foreign country; or (3) corporations or associations. *See* FED. R. CIV. P. 4(e), (f), & (h).

2

*Premier Bank, Nat. Ass'n v. Ward*, 129 F.R.D. 500, 502 (M.D. La. 1990) (quoting H.R. 7154, 97th Cong., 2d Sess., Section 2, at 8).

**III. Analysis**

The record shows that Defendant failed to comply with Plaintiff's request for waiver, and Defendant has failed to establish good cause for this failure. Thus, the Court turns to the amount of costs and reasonable attorneys' fees that should be awarded in this matter.

Plaintiff's counsel submitted an invoice for the cost of effecting service upon defendant ($60) and a time card from Coane and Associates for attorneys' fees incurred for the preparation of this motion ($790.00). (Dkt. No. 16, Exs. C & D.) According to the time card, attorney Vi Nguyen billed at a rate of $250.00/hour and reported that she spent 1.5 hours drafting and editing the motion, 0.2 hours on the phone with the Court's case manager discussing the required documentation for the motion, and 0.2 hours in a conference with co-counsel Bruce Coane regarding both the motion and mediation. Mr. Coane billed at a rate of $450/hour and reported that he spent 0.7 hours editing the motion.

Although Plaintiff is entitled to recover *reasonable* attorneys' fees under Rule 4, the Court finds that the time Plaintiff's counsel expended preparing the motion is unreasonable, particularly given that the motion is less than 250 words long and cites no authority other than Rule 4. *See Kennemer v. Jefferson Autoplex, L.L.C.*, 2004 WL 1291185, *2 (E.D. La. June 10, 2004) (plaintiffs' counsel spent 48 minutes in preparing motion for reimbursement of costs); *Ferguson v. Interpublic Group., Inc*., No. 97 Civ. 3064, 1998 WL 150661, at *1—2 (S.D.N.Y. March 30, 1998) ("The Court finds that the number of hours an experienced attorney . . . should have expended in bringing this motion [for reimbursement of costs] should have been one and a quarter hour[s], particularly given that Rule 4 sets forth in a single section all the relevant

authority, thus eliminating any need for extended research.") Instead, the Court finds that the fee should be reduced to $385.00 (representing 1.0 hour by Ms. Nguyen and 0.3 hours by Mr. Coane).

## IV. Conclusion

For the aforementioned reasons, it is hereby **ORDERED** that:

1. Plaintiff's Rule 4 Motion for Attorneys Fees (Dkt. No. 16) is **GRANTED** to the extent that Plaintiff is entitled to a total award of $445.00; and

2. Within 15 days from the date of this Order, Defendant shall remit to the Plaintiff the sum of $445.00.

**SIGNED** this 19th day of May, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE